IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEACONESS HEALTH SYSTEMS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. CIV-10-781-C |
| AETNA HEALTH, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On June 24, 2010, Plaintiff Deaconess Health Systems, LLC ("Deaconess") brought suit against Defendant Aetna Health, Inc. ("Aetna") in state court claiming breach of contract. On July 22, 2010, Defendant timely removed to this Court based on diversity and federal question jurisdiction arguing federal preemption pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Defendant filed the present Motion to Compel Arbitration seeking enforcement of the parties' contractual arbitration clause and a stay of the action pending arbitration.

## I. BACKGROUND

Plaintiff, a medical provider, filed suit in state court claiming Defendant, a licensed health maintenance organization ("HMO"), underpaid medical claims in violation of their Managed Care Agreement ("Contract"). (Pl.'s Pet., Dkt. No. 1 Ex. 2; Def.'s Br., Dkt. No. 19, at 2.) Pursuant to this Contract, Plaintiff agreed to provide medical services to individuals insured by Defendant Aetna, under managed care plans, at lower-than-normal

rates. (Id.) Plaintiff claims Defendant breached their agreement by paying lower than the contracted-for amount. (Id.) Defendant now seeks to compel arbitration pursuant to the parties' contractual arbitration clause,[1] which Plaintiff claims is not enforceable under Oklahoma law.

## II. DISCUSSION

Generally, under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq., when a party files a motion requesting the court to compel arbitration pursuant to an agreement between the parties, the court must do so after determining that the making of the agreement to arbitrate is not in issue. See 9 U.S.C. § 4. "The FAA is a 'congressional declaration of a liberal federal policy favoring arbitration agreements.'" Hill v. Ricoh Ams. Corp., 603 F.3d 766, 770 (10th Cir. 2010) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). Defendant claims the FAA validates the parties' arbitration

---

[1] The relevant contractual arbitration provision provides that:

> Any controversy or claim *arising out of or relating to this Agreement* or the breach, termination, or validity thereof, except for temporary, preliminary, or permanent injunctive relief or any other form of equitable relief, shall be settled by binding arbitration administered by the American Arbitration Association ("AAA") and conducted by a sole Arbitrator ("Arbitrator") in accordance with the AAA's Commercial Arbitration Rules ("Rules"). A stenographic record shall be made of all testimony in any arbitration in which any disclosed claim or counterclaim exceeds $250,000. The arbitration shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16, to the exclusion of state laws inconsistent therewith or that would produce a different result, and judgment on the award rendered by the Arbitrator (the "Award") may be entered by any court having jurisdiction thereof. An Award for $250,000 or more shall be accompanied by a short statement of the reasoning on which the Award rests.

(Def.'s Br., Dkt. No. 19, at 3.)

clause; Plaintiff counters that state law, not the FAA, governs the validity of their agreement due to the McCarran-Ferguson Act.

## A. *McCarran-Ferguson Act*

The McCarran-Ferguson Act yields to state law when federal law would "invalidate, impair, or supersede [a] law enacted by [a] State for the purpose of regulating the business of insurance, . . . unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012. The McCarran-Ferguson Act bars the operation of federal law when "the federal statute at issue does not 'specifically relat[e] to the business of insurance[,]' . . . the state statute at issue was 'enacted . . . for the purpose of regulating the business of insurance[,]' and . . . application of the federal statute would 'invalidate, impair, or supersede' the state statute." Moore v. Liberty Nat'l Life Ins. Co., 267 F.3d 1209, 1220 (11th Cir. 2001) (first alteration in original) (quoting Humana Inc. v. Forsyth, 525 U.S. 299, 307 (1999)) (internal quotation marks omitted).

Plaintiff argues that the McCarran-Ferguson Act governs and yields to state law because Oklahoma enacted a statute regulating the business of insurance, 12 Okla. Stat. § 1855(D) ("The Uniform Arbitration Act shall not apply to collective bargaining agreements and *contracts which reference insurance*, except for those contracts between insurance companies." (emphasis added)). Defendant counters that the McCarran-Ferguson Act does not apply because ERISA preempts Plaintiff's claims. ERISA is a federal law specifically

3

regulating insurance and, therefore, is within the McCarran-Ferguson Act's exception.[2] Accordingly, whether the McCarran-Ferguson Act applies depends upon whether ERISA preempts Plaintiff's claims.

*B. ERISA*

ERISA completely preempts state-law claims that could have originally been asserted under the terms of an ERISA-regulated employee benefit plan and no independent legal duty is implicated by the complained-of actions.[3] Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004) ("[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)."). Section 1132 provides in pertinent part:

> A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the

---

[2] The FAA does not fit within the McCarran-Ferguson Act's exception because it does not relate to the business of insurance. Stephens v. Am. Int'l Ins. Co., 66 F.3d 41, 44 (2d Cir. 1995); Mut. Reinsurance Bureau v. Great Plains Mut. Ins. Co., Inc., 969 F.2d 931, 934-35 (10th Cir. 1992). See McKnight v. Chicago Title Ins. Co., 358 F.3d 854, 855 (11th Cir. 2004) ("In the right circumstances, the McCarran-Ferguson Act provides an exception to the general rule of arbitration under the Federal Arbitration Act. If the state has an anti-arbitration law enacted for the purpose of regulating the business of insurance, and if enforcing, pursuant to the Federal Arbitration Act, an arbitration clause would invalidate, impair, or supersede that state law, a court should refuse to enforce the arbitration clause.").

[3] It is important here to distinguish between complete preemption and conflict preemption as the two require different analyses. Felix v. Lucent Techs., Inc., 387 F.3d 1146, 1153-56 (10th Cir. 2004). Here, the Court only addresses complete preemption because removal can only be based on complete preemption and the parties do not raise the separate issue of conflict preemption.

4

> terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132. "While the scope of ERISA preemption may be broad, it is certainly not boundless." Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 990 (10th Cir. 1999). ERISA will not preempt a claim "'if the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability.'" Felix v. Lucent Tech., Inc., 387 F.3d 1146, 1154 (10th Cir. 2004) (quoting District of Columbia v. Greater Wash. Bd. of Trade, 506 U.S. 125, 130 n.1 (1992)). ERISA's civil enforcement provisions "recharacterize state law claims that fall within the scope of § 502(a) as federal claims subject to removal." Id. at 1155.

Here, Plaintiff's claims include breach of contract, breach of implied covenant of good faith and fair dealing on the contract, breach of contract on the policies—with Deaconess acting as third-party beneficiary or assignee of the policyholders—breach of implied covenant of good faith and fair dealing on the policies, unfair and deceptive trade practices, and unjust enrichment.

Primarily, Plaintiff asserts claims that arise from its contract with Aetna seeking reimbursement for services rendered by Plaintiff, which are claims brought by Plaintiff in its own right, not as assignee of the policyholders. Two of Plaintiff's claims, however, are asserted by Plaintiff in its role as assignee of the policyholders: breach of contract on the policies and breach of implied covenant of good faith and fair dealing on the policies. These two claims could have been brought by a participant or beneficiary to recover benefits due

under the plan and would be completely preempted by ERISA if Plaintiff did not have an independent right, due to its managed care contract with Defendant, to assert these breaches regardless of its assignee status.[4] Davila, 542 U.S. at 210. Finally, Defendant argues that Plaintiff admitted ERISA preemption when it did not contest removal of this matter to federal district court. This assertion is not persuasive because diversity subject-matter jurisdiction was an additional basis for proper removal. Accordingly, Plaintiff's claims are not preempted by ERISA. Therefore, the McCarran-Ferguson Act applies and state law governs the validity of the parties' arbitration clause.[5] See United States v. Redcorn, 528 F.3d 727, 736 (10th Cir. 2008); Mid-Continent Cas. Co. v. Gen. Reinsurance Corp., 331 F. App'x 580, 581-82 (10th Cir. 2009) (unpublished).

## C. Oklahoma Law

The Oklahoma Uniform Arbitration Act (OUAA) states that an arbitration agreement is "valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract." 12 Okla. Stat. § 1857(A). The OUAA does not apply to contracts that reference insurance, unless the contracting parties are insurance companies.

---

[4] Plaintiff complains of the payment amount owed under the parties' agreement, not a denial of coverage or payment. See Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 951 (9th Cir. 2009); Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund, 538 F.3d 594, 598-99 (7th Cir. 2008); In Home Health, Inc. v. Prudential Ins. Co. of Am., 101 F.3d 600, 604-07 (8th Cir. 1996); Hospice of Metro Denver, Inc. v. Group Health Ins. of Okla., Inc., 944 F.2d 752 (10th Cir. 1991).

[5] The McCarran-Ferguson Act applies because Oklahoma enacted a statute regulating insurance, 12 Okla. Stat. § 1855(D), which would be invalidated by the FAA, and ERISA does not preempt Plaintiff's claims.

Id. § 1855(D).  See Cannon v. Lane, 1993 OK 40, ¶¶ 5-6, 867 P.2d 1235, 1236.  Here, the contract references insurance and both parties are not insurance companies.  Therefore, the parties' arbitration agreement is invalid under the OUAA.

### III.  CONCLUSION

Because the McCarran-Ferguson Act yields to state law and the parties' arbitration agreement is unenforceable under applicable Oklahoma law, Defendant's Motion to Compel Arbitration (Dkt. No. 19) is DENIED.

IT IS SO ORDERED this 13th day of December, 2010.

_____
ROBIN J. CAUTHRON
United States District Judge